IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

<table>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>RICHARD EVASHKO,</td><td></td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>    Plaintiff,</td><td></td><td></td></tr>
<tr><td></td><td>*</td><td>CIVIL NO.: WDQ-06-2465</td></tr>
<tr><td>v.</td><td></td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>VA MEDICAL CENTER,</td><td></td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>    Defendant.</td><td></td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
</table>

*    *    *    *    *    *    *    *    *    *    *    *    *

MEMORANDUM OPINION

Richard Evashko sued the VA Medical Center ("VAMC") seeking reimbursement for $3,632.19 in medical bills allegedly paid for home healthcare services.  Pending is VAMC's motion to dismiss or for summary judgment.  For the reasons discussed below, the motion will be denied.

I.   Background

Evashko, a *pro se* plaintiff, initially filed suit in the District Court of Maryland for Baltimore City.  Compl.  On September 21, 2006, VAMC filed a notice of removal to this Court. (Paper No. 1) (Notice of Removal).

For 20 years Evashko has been reimbursed by VAMC for out of pocket healthcare costs, Compl., incurred, most recently, for bowel and bladder home healthcare services.  *Id*.  Unmarked Ex. at 7 (Home Healthcare invoices).  Although no change in his

1

eligibility for reimbursements has occurred, VAMC now refuses to reimburse Evashko for these costs.  *Id*.  VAMC concedes that Evashko's home healthcare is appropriately authorized, Mem. Supp. Mot. at 2, and that it will pay for the services by paying the service provider directly.  *Id*. at 3.

II.  Analysis

In support of its motion VAMC argues that: (1) Evashko has not cited any legal authority in support of his claim; (2) prior reimbursements paid to Evashko were made in error; and (3) the applicable statutes and regulations prohibit direct reimbursement to Evashko.  Evashko responds, citing the Department of Veteran's Affairs internal manual, (the "VA Manual"), as support for his entitlement to reimbursement.

A.   Standard of Review

Under Rule 12(b)(6), a motion to dismiss should be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)), *Mylan Laboratories, Inc. v. Raj Matkari, et al.*, 7 F.3d 1130, 1134 (4th Cir. 1993).  All allegations are treated as true, and the complaint is viewed in the light most favorable to the plaintiff. *Mylan*, 7 F.3d at 1134.

2

In deciding a Rule 12(b)(6) motion, the Court will consider the facts stated in the complaint and any attached documents. *Biospherics, Inc., v. Forbes, Inc.*, 989 F.Supp. 748, 749 (D. Md. 1997) *aff'd* 151 F.3d 180 (4th Cir. 1998).  The Court may also consider documents referred to in the complaint and relied upon by the plaintiff in bringing the action.  *Id.*

When dealing with a *pro se* party, the Court construes his pleadings liberally.  *Slade v. Hampton Roads Regional Jail*, 407 F.3d 243, 252 (4th Cir. 2005).  *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

B.  Discussion

VAMC argues that it can only pay for services when allowed by statutes or regulations.  VAMC asserts that: 1) 38 U.S.C. §§ 1725 and 1728 only permit VAMC to reimburse a veteran for emergencies; and 2) Evashko's home treatment is not emergency care.

Section 1725 states that "the Secretary may reimburse a veteran . . . for the reasonable value of emergency treatment." 38 U.S.C. 1725(a).  Section 1728 appears more general as it states that: "[t]he Secretary may . . . reimburse veterans entitled to hospital care or medical services under this chapter for the reasonable value of such care or services."  38 U.S.C. § 1728(a).  Reimbursement under section 1728, however, is limited

3

to situations in which "such care or services were rendered in a medical emergency." § 1728(a)(1).

As Evashko receives daily bowel and bladder care assistance, his home healthcare services cannot be emergency treatments or medical emergencies. *See* § 1725(f) (defining emergency treatment); § 1728(a)(1) (a medical emergency requires that a delay be hazardous to life or health). More importantly, Evashko does not assert that his costs were incurred in an emergency.

VAMC asserts, moreover, that 38 C.F.R. § 17.52 provides that when VAMC cannot itself provide services, it may contract with an outside provider to provide authorized services. VAMC correctly concludes that it may pay for Evashko's home healthcare by paying the service provider directly. From the premise that VAMC may contract with non-VA facilities, however, it cannot be concluded that VAMC is prohibited from providing reimbursement to Evashko.

Alternatively, however, Evashko has not provided evidence that he may force VAMC into a particular method of reimbursement. He cites the VA Manual, however, which indicates, despite VAMC's assertion otherwise, that Evashko may be reimbursed for his costs. VA Manual § XVII, ¶ 18.68. As Evashko is proceeding *pro se* and VAMC has not demonstrated that the law *requires* reimbursement directly to the home healthcare provider to the exclusion of all other means of reimbursement, the motion to dismiss will be denied.

III. Conclusion

For the reasons discussed above, the motion to dismiss will
be denied.


<u>March 6, 2007</u>                    _____/s/_____
Date                                   William D. Quarles, Jr.
                                       United States District Judge